## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

KYLEN MAJOR,

               **Plaintiff,**

v.

               **Case No. 25-cv-00056-SPM**

JOHN DOE 1,
JANE DOE 1,
JOHN DOE 2,
JOHN DOE 3, and
JOHN DOE 4,

               **Defendants.**

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court for case management purposes. Plaintiff is proceeding on an Eighth Amendment claim against John Does 1-4 and Jane Doe 1, who have yet to be identified and served process. (*See* Doc. 16). Plaintiff was allowed to engage in limited discovery in order to identify the Defendants. (Doc. 26). Defense Counsel has produced to Plaintiff documents that would assist in identification of the Defendants, including a roster management document, incident reports, and an investigative report. (Doc. 31, 34). Defense Counsel also arranged a time for Plaintiff to view relevant video footage, but Plaintiff declined the opportunity to do so. (Doc. 34, p. 2). Plaintiff was given until May 13, 2026, to file a motion to substitute. (Doc. 33). After missing the deadline, the Court *sua sponte* gave Plaintiff additional time, and he was instructed to file a motion to substitute by June 22, 2026. (Doc. 36).

To date, Plaintiff has not filed a motion to substitute or requested additional time. Plaintiff has been repeatedly warned that failure to identify the Defendants would result in dismissal of John Does 1-4, Jane Doe 4, and this entire case. (Doc. 26, 33, 36). The Court will not allow this

matter to linger indefinitely. Accordingly, this action is **DISMISSED with prejudice** for failure to comply with orders of the court and for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (*See* Doc. 26, 33, 36).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court shall enter judgment and close the case.

**IT IS SO ORDERED.**

**DATED: June 30, 2026**

 

**STEPHEN P. MCGLYNN**
**United States District Judge**