**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**KYLEN MAJOR,**

**Plaintiff,**

**v.**

**JOHN DOE 1, *et al.*,**

**Defendants.**

**Case No. 25-cv-00056-SPM**

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This case was initiated by pro se Plaintiff Kylen Major on January 14, 2025, claiming that while he was housed at Menard Correctional Center tactical officers failed to intervene when he was attacked by other inmates. (Doc. 1, 15). Because Plaintiff was incarcerated at the time of filing, the Court conducted a review of the operative Second Amended Complaint pursuant to 28 U.S.C. §1915A. (Doc. 16). Plaintiff was allowed to proceed with an Eighth Amendment failure to protect claim against John Does 1, 2, 3, and 4 and Jane Doe 1. As Plaintiff did not know the identity of any of the defendants, the Court entered a scheduling and discovery order setting guidelines and dates for the parties to engage in limited John Doe discovery. (Doc. 26). Ultimately, Plaintiff failed to timely identify the unknown defendants or request additional time to do so. This case was closed and judgment entered on June 30, 2026, due to Plaintiff's failure to comply with court orders and prosecute his claims. (Doc. 37) (citing FED. R. CIV. P. 41(b)).

On July 14, 2026, Plaintiff filed a motion identifying Jane Doe 1 and one of the John Does. (Doc. 39). Plaintiff states that he failed to file the motion sooner because he has been on crisis watch since May 18, 2026, and "going [through] a mental crisis." (*Id.*).

Plaintiff does not indicate a rule upon which he relies in seeking relief. Therefore, because accepting the motion to substitute would require vacating the judgment, reopening the case, and modifying the previous deadlines, the Court construes Plaintiff's motion to substitute as both a motion seeking relief from the judgment under Federal Rules of Civil Procedure 59(e) and 60(b) and amendment of the Court's deadlines so that he may identify the John Does.

Rule 59(e) permits a court to alter or amend a judgment in order to correct manifest errors of law or fact or to address newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted).

Rule 60(b) sets forth a more exacting standard than Rule 59(e), although it permits relief from a judgment for a number of reasons, including excusable neglect or "any other reason justifying relief from the operation of judgment." FED. R. CIV. P. 60(b). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000).

Plaintiff's reasons for reopening the case and allowing him additional time to file his motion to substitute fail under the standards of Rule 59(e). The information provided in the motion does not demonstrate that the Court committed a manifest error of fact or law. Nor does Plaintiff present newly discovered evidence. The Court initially gave Plaintiff until February 10, 2026, to identify the unknown defendants. (Doc. 26). Then after Plaintiff notified the Court that he had not received John Doe related discovery, the Court extended the deadline to May 13, 2026. During that additional time, Defense Counsel produced roster management documents and incident and investigative reports. Plaintiff was also allowed an opportunity to view relevant video footage but

declined to do so. Plaintiff did not notify the Court at any point that more time was needed to identify the defendants or he had not received Defendant's discovery, as he had previously done (*see* Doc. 29), and he did not enter crisis watch until five days after the May 13 deadline passed. Thus, there is no indication that Plaintiff's motion is premised on newly discovered evidence.

The motion also fails under Rule 60(b). Because Plaintiff contends that he was prevented from timely filing a motion to substitute based on his recent placement on crisis watch, he appears to be arguing that the judgment should be altered or amended due to excusable neglect. *See* FED. R. CIV. P. 60(b)(1); *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (discussing the requirement of excusable neglect). Plaintiff's neglect of the deadline in this case, however, was not excusable. As discussed above, although Plaintiff experienced a mental health crisis and was placed in a more restrictive housing environment on May 18, he does not explain why he missed the May 13 deadline in the first place. He also does not inform the Court when he was released from crisis watch or why he was unable to request more time to identify the John Does before the new deadline of June 22, 2026, which was sua sponte set by Court. (Doc. 36).

While the Court understands that having a mental health crisis can impede an individual's ability to litigate, Plaintiff's placement on crisis watch does not fully account for his conduct. For these reasons, the Court cannot find Plaintiff's lack of diligence in prosecuting his case excusable under Rule 60(b)(1). *See Casimir v. Sunrise Fin., Inc.*, 299 F. App'x 591, 593 (7th Cir. 2008) ("[A]ll litigants, including pro se litigants, are responsible for maintaining communication with the court and monitoring the status of their lawsuit as necessary." (collecting cases)); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("pro se litigants are not entitled to a general dispensation from the rules or procedure or court imposed deadlines"). Accordingly, Plaintiff has failed to show any circumstances necessitating relief under Rules 59 and 60, and the motion to substitute is

**DENIED.** *See Harris v. Emanuele*, 826 F. App'x 567, 568 (7th Cir. 2020); *Shaffer v. Lashbrook*, 962 F.3d 313, 316–17 (7th Cir. 2020). This case remains closed.

**IT IS SO ORDERED.**

**DATED: November 10, 2026**

**STEPHEN P. MCGLYNN**
**United States District Judge**